COMMONWEALTH *vs.* SAMUEL M. WEENE.

Suffolk.    February 4, 1946. — February 28, 1946.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Medicine.    Physician and Surgeon.    Perjury.    Oath.*

The provision of G. L. (Ter. Ed.) c. 112, § 2, that applications "for registration as qualified physicians . . . shall be made upon blanks furnished by the board of registration in medicine," necessarily implies that the board shall determine the form of the blanks.

In the form of blank determined by the board of registration in medicine under G. L. (Ter. Ed.) c. 112, § 2, as that upon which an applicant for registration as a qualified physician should furnish them with satisfactory proof, among other matters, that he was "of good moral character," the board properly might include, as one of the statements which the applicant was required to sign as true "under the penalties of perjury" as provided by c. 268, § 1A, a statement, "I have never been arrested, nor summoned into court as a defendant, nor indicted, nor convicted, nor fined, nor imprisoned, nor placed on probation, nor has any case against me been filed, nor have I ever forfeited collateral for breach or violation of any law or police regulation or ordinance whatsoever except as follows:"

A conviction of perjury under G. L. (Ter. Ed.) c. 268, § 1A, was warranted where an applicant for registration as a qualified physician under c. 112, § 2, signed "under the penalties of perjury" an application containing a statement in effect that he had not been "convicted, nor fined . . . nor . . . [had] any case against . . . [him] been filed," whereas in fact a complaint against him for "operating to endanger" had been filed and he had paid fines for "transporting liquor" and for "keeping and exposing liquor."

INDICTMENT, found and returned on June 13, 1944.

The case was heard by *Higgins*, C.J., without a jury.

*A. H. Salsbury, 2d,* for the defendant.

*W. J. Foley,* District Attorney, *& J. J. Sullivan,* Assistant District Attorney, for the Commonwealth, submitted a brief.

QUA, J.   The defendant has been found guilty under G. L. (Ter. Ed.) c. 268, § 1A, of perjury on two counts of an indictment charging him with making false statements in two applications signed by him for examinations by the board of registration in medicine.

General Laws (Ter. Ed.) c. 268, § 1A, reads as follows: "Except in a judicial proceeding or in a proceeding in a course of justice, no written statement required by law shall be required to be verified by oath or affirmation before a magistrate if it contains or is verified by a written declaration that it is made under the penalties of perjury.   Whoever signs and issues such a written statement containing or verified by such a written declaration shall be guilty of perjury and subject to the penalties thereof if such statement is wilfully false in a material matter."

The only exceptions before us are to the refusal of the trial judge, who heard the case without a jury, to instruct himself in accordance with these requests: No. 7.   "There is no requirement in the law that there should be an oath to the matter of an applicant's previous criminal record in an application for examination for registration in medicine." No. 9.   "The oath required by the statute does not include the oath that one has or has not violated any law of the Commonwealth or of a municipality."

General Laws (Ter. Ed.) c. 112, § 2, begins, "Applications for registration as qualified physicians, signed and sworn to by the applicants, shall be made upon blanks furnished by the board of registration in medicine. . . .   Each applicant, who shall furnish the board with satisfactory proof that he is twenty-one or over and of good moral character, that he possesses the educational qualifications . . . [then follows a detailed description of the educational requirements] shall . . . be examined, and, if found qualified by the board, be registered as a qualified physician. . . ."   The section also contains a provision that the board may revoke the certificate of any physician convicted of a felony.

There was evidence that the defendant filed each application on a blank furnished by the board which was arranged to elicit information as to the age, moral character, and educational qualifications of the applicant and which a little above the line intended for the signature of the applicant contained this statement, "I have never been arrested, nor summoned into court as a defendant, nor indicted, nor convicted, nor fined, nor imprisoned, nor placed on probation, nor has any case against me been filed, nor have I ever forfeited collateral for breach or violation of any law or police regulation or ordinance whatsoever except as follows:" In the space after this statement on each application the defendant inserted the word "none." In truth between 1921 and 1930 the defendant had been the subject of seven prosecutions. Four of these were for trifling offences and were ended by filing or the imposition of a small fine. A complaint for "operating to endanger" was also filed. But the defendant had paid a fine of $100 for "transporting liquor" and a fine of $200 for "keeping and exposing liquor." Immediately above the line intended for the applicant's signature to the application were printed the words "A true statement made under the penalties of perjury." The defendant signed each application immediately under this statement.

The defendant's request numbered 7 could not properly have been granted. Chapter 112, § 2, required that the applications be "sworn to." It also required that the blanks be furnished by the board. This necessarily implied that the board should determine their form. It was entirely proper that the board should use the application, in part at least, for the purpose of obtaining the "satisfactory proof" "of good moral character" which the statute required the applicant to furnish. If the application was to be a bare request for registration as a physician without containing evidence of some facts there would have been no occasion for requiring it to be sworn to at all. Inasmuch as the board could properly make the furnishing of information as to good moral character one of the objects of the application, we see no reason why they could not

properly include in the blank the statement or question as to prosecutions for crime. Of course the fact that an applicant had been prosecuted and acquitted, or that a complaint against him had been placed on file, would not in itself alone justify the denial of his application. Neither would convictions of some offences necessarily show the applicant not to be of good moral character or to be unfit to be registered as a physician. But information of this kind might at least disclose matters that ought to be investigated. If through some other source the board should be informed that an applicant had been charged with a crime of a type that might reflect upon his moral character as a physician the board could investigate the circumstances, and we see no reason why they could not inquire from the applicant himself in the first instance.

It follows that the statement as to the applicant's previous criminal record was a "written statement required by law" within the meaning of G. L. (Ter. Ed.) c. 268, § 1A. *Avery v. Ward,* 150 Mass. 160. Such a statement, except for the provisions of that section, must be sworn to in due form, but under that section it may be "verified" with equivalent effect by the "declaration that it is made under the penalties of perjury." We construe request numbered 7 as inconsistent with what we have just said.

Little discussion is needed of request numbered 9. Strictly construed, it is immaterial to the case since the defendant was not required by the form of the application to state that he had "not violated any law." But if, as we suppose, this request was intended to refer to the same statement in the application to which request numbered 7 refers, what we have said about request numbered 7 is equally pertinent with respect to request numbered 9.

*Exceptions overruled.*