COMMONWEALTH vs. JOSEPH HANLEY.

Middlesex.    September 16, 1981. — October 14, 1981.

Present: DREBEN, KASS, & SMITH, JJ.

*Pleading, Criminal,* Complaint.

Where two complainants against a defendant, after filing their applica-
   tions for complaints, testified under oath at a hearing pursuant to
   G. L. c. 218, § 35A, to all the facts necessary to make out a charge
   against the defendant for assault and then, at the behest of an assistant
   clerk, signed blank complaint forms, swore to the truth of the state-
   ment in their applications, and were told that the blanks in the com-
   plaint form would be typed from the applications, there was sufficient
   compliance with the requirements for the issuance of complaints set
   forth in G. L. c. 276, § 22. [503-504]

COMPLAINTS received and sworn to in the Second Eastern
Middlesex Division of the District Court Department on
April 10, 1980.

Upon appeal for trial by jury of six in the First Southern
Middlesex Division, a motion to dismiss was heard by
*Kelleher, J.*

*Robert L. Rossi,* Assistant District Attorney, for the Com-
monwealth.

*Alfred E. Nugent (John R. McGrath* with him) for the
defendant.

DREBEN, J.   After his trial and conviction in the Waltham
District Court on two complaints of assault, the defendant
claimed an appeal to a jury of six session, see G. L. c. 218,
§ 27A(c).   Prior to trial in that session, he moved to dismiss
the complaints on the ground that the procedure set forth in
G. L. c. 276, § 22, had not been followed.   The complaints
were dismissed and the Commonwealth has appealed under
Mass.R.Crim.P. 15(a), 378 Mass. 882 (1979).   We reverse.

We take the facts from an agreed statement of the proceedings approved by the judge. See Mass.R.App.P. 8(c), as amended, 378 Mass. 933 (1979). A number of persons, including the two complainants against the defendant, appeared at the clerk's office of the Waltham District Court one day in 1980[1] and filled out applications for complaints against various Waltham police officers. Each of the two complainants filled out an application alleging that the defendant had committed an assault and battery with a dangerous weapon upon him. Subsequently, a hearing pursuant to G. L. c. 218, § 35A, was held before a judge. At that time the complainants testified under oath to all the facts necessary to make out a charge against the defendant for assault. The defendant's counsel was permitted to cross-examine the complainants. Compare *Commonwealth* v. *Riley*, 333 Mass. 414 (1956). After hearing the evidence, the judge ordered that two complaints for assault be processed against the defendant.

Immediately following the hearing, the two complainants accompanied the assistant clerk, who had been present during the testimony of the complainants, to the clerk's office. She (the assistant clerk) took out the applications for complaints which had previously been filled out by the complainants and placed them on the counter together with two blank complaint forms. She asked the two complainants to sign the blank complaint forms, stating that she would later fill them out from the applications. One complainant signed without hesitation, but the other, at first, refused to sign the form in blank. After an attorney who was representing some of the complainants stated, "Look its o.k., sign it or else we'll be here all day," the other complainant also signed the blank form.

The assistant clerk then directed the attention of each complainant to his application for complaint and asked him to swear to the truth of the statements contained therein.

---

[1] Despite the agreed statement, the defendant claims the date stated therein is in error. In any event, the date is immaterial.

Each did so. The clerk took the signed complaint forms and later filled them in from the applications for complaints changing, however, the charges from "assault and battery with a dangerous weapon" to "assault" in accordance with the order of the judge.

The defendant claims that the requirements of G. L. c. 276, § 22 (set forth in the margin),[2] were not met in that the complaint was not reduced "to writing" nor "subscribed by the complainant,"[3] and that under *Commonwealth* v. *Barhight*, 9 Gray 113 (1857), the complaints must be dismissed. We disagree.

In *Barhight* a complaint for larceny was signed by the complainant in a blank space appearing below a description of the goods but above the charge of larceny. The placement of the signature made it unclear whether the complainant had subscribed only to the description of the goods or to the charge as well. In a terse opinion, the court stated: "It is not certain that this complaint was reduced to writing before it was sworn to. It cannot be ascertained that this signature was made for the purpose of authenticating the whole complaint." *Id.* at 114.

Here, we know that each signature was intended to authenticate the whole complaint. As described in the parties' agreed statement, the complainants at the time of signing the blank complaint forms were directed to the applications for complaints that they had previously filled out, were expressly asked to swear to the truth of the statements made

---

[2] Chapter 276, § 22, as amended by St. 1979, c. 344, § 20, states: "Upon complaint made to any justice that a crime has been committed, he shall examine on oath the complainant and any witnesses produced by him, reduce the complaint to writing, and cause it to be subscribed by the complainant, and, if it appears that a crime has been committed, shall issue a summons or warrant in compliance with the provisions of Massachusetts Rules of Criminal Procedure."

[3] Although G. L. c. 276, § 22, refers only to "any justice" we assume, as do the parties, that the provision applies to oaths administered to complainants by clerks under G. L. c. 218, § 33. See *Commonwealth* v. *Penta*, 352 Mass. 271, 273 (1967), *S.C.*, 361 Mass. 894 (1972), and *Commonwealth* v. *Smallwood*, 379 Mass. 878, 884-885 (1980).

therein, and were told that the blanks in the complaint forms would be typed from the applications, the documents containing the "basic information" about the case. *Commonwealth* v. *Daly, ante* 338, 341 (1981). Thus, the complainants were not here subscribing to blank complaints but were signing particular complaints, that is, ones which had to be filled out in accordance with the written applications.

In addition, prior to signing the complaint forms in blank, each complainant had reverified his written application by testifying under oath at a hearing pursuant to G. L. c. 218, § 35A, before a judge. In these circumstances, we consider that there was sufficient compliance with G. L. c. 276, § 22. Had the complaints as issued deviated from the applications or from the sworn testimony before the judge, they would, of course, have had to be dismissed.[4]

While we uphold these complaints under the particular facts of this case, we do not, in any way, condone the signing of blank complaints. There was no necessity for such action by the assistant clerk, as the prosecutor or others could have signed the complaints. Mass.R.Crim.P. 4(b), 378 Mass. 849 (1979). *Commonwealth* v. *Daly, supra.* More important, as pointed out by Chief Justice Shaw in *Commonwealth* v. *Barhight,* "Such looseness and carelessness in instituting criminal proceedings are not to be encouraged." 9 Gray at 114.

*Order dismissing complaints
reversed.*

---

[4] Although the applications for complaints alleged "assault and battery" and the complaints as issued in accordance with the judge's order alleged "assault," such variation is of no moment, where as here, assault is a lesser included offense and the charge was reduced by order of the judge after hearing pursuant to G. L. c. 218, § 35A.