COMMONWEALTH *vs.* ALVIN T. COBB.

Suffolk.  December 4, 1985. — March 13, 1986.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Evidence,* Failure to produce witness.

At the trial of indictments arising out of separate armed robberies at the same liquor store, the judge's instructions to the jury with regard to absent witnesses, which singled out the defendant and allowed the jury to draw an inference adverse to him for failing to produce other store employees who were on the premises at the times of the robberies, created a substantial risk of a miscarriage of justice, where there was nothing during the course of the trial to suggest that the defendant had witnesses available or within his control who were not brought forward to testify, where identity of the defendant was the crucial issue at trial, and where the judge's instruction may have materially influenced the jury's appraisal of the identification testimony. [106-109]

INDICTMENTS found and returned in the Superior Court Department on June 22, 1982.

The cases were tried before *Irving Goldblatt,* J., sitting under statutory authority.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Bernard Grossberg* for the defendant.

*Michael J. Traft,* Assistant District Attorney (*Arthur Tiernan, Jr.,* Assistant District Attorney, with him) for the Commonwealth.

NOLAN, J. The defendant, Alvin T. Cobb, was convicted on two indictments charging armed robbery. The Appeals Court reversed the convictions and ordered a new trial, 19 Mass. App. Ct. 1111 (1985). We allowed the Commonwealth's application for further appellate review. We also reverse.

The relevant facts are as follows. On June 22, 1982, a Suffolk County grand jury returned three indictments against

the defendant charging him with committing three separate armed robberies at the same liquor store in Dorchester. The robberies occurred on March 23, April 6, and April 22, 1981.

On December 1, 1982, the defendant filed a motion pursuant to Mass. R. Crim. P. 9 (*d*) (2), 378 Mass. 860 (1979), seeking a separate trial for each offense. The motion was denied following a hearing on February 18, 1983. The defendant renewed his motion for severance on March 21, 1983. The motion was again denied, and the case proceeded to trial on all three indictments together. The defendant was found not guilty on the indictment charging him with the robbery of March 23, 1981, and guilty on the other two indictments.

On appeal, the defendant argues that: (1) the trial judge erred in his instruction to the jury regarding the inference that may be drawn from the defendant's failure to call certain witnesses, as well as other instructions; (2) it was error to deny his motion for severance of the indictments; and (3) he was denied his right to a fair trial by the trial judge's refusal to require the Commonwealth to justify its peremptory challenges of three black jurors. We reverse the conviction on the first ground and remand for a new trial. Neither of the other issues is likely to arise at the defendant's new trial. We need not address the severance issue because the defendant was found not guilty on one of the indictments for which he had argued severance and the remaining two indictments are indisputably ripe for joinder. The defendant does not argue otherwise.

The principal defense in this case was misidentification. John McCarty, an employee of the liquor store, was the victim of both robberies in April for which the defendant was convicted. Approximately two weeks after the second April robbery, detectives assigned to the case requested McCarty to review a series of photographs. From these photographs McCarty identified a picture of the defendant. McCarty identified the defendant a second time in May of 1982 when the defendant was brought to the Dorchester District Court for a probable cause hearing.

At trial, McCarty once again identified the defendant. He also testified that during each of the April robberies there was

another store employee on the premises (though it was a different employee on each date). McCarty was the only eyewitness called to testify for the Commonwealth regarding the April robberies.

In closing argument, defense counsel commented on the absence of any testimony from McCarty's two coworkers.[1] The prosecutor in turn responded to defense counsel's remarks during his own closing argument.[2] In his charge to the jury, the judge instructed the jury on absent witnesses, as set out in the margin.[3] We address ourselves to that part of the instruction in which the judge stated: "Where a witness is equally available to either party, and the Defendant fails to call the witness, an inference . . . may be drawn that the testimony . . . would have been unfavorable to the Defendant where the evidence against

---

[1] Defense counsel stated: "Who was in the store with Mr. McCarty? A co-worker named Kimball. Kimball is not here. What would Kimball have told us? . . .

"Then we get to April 22nd, 1981, 9:00 p.m. Mr. McCarty is by the register again. This time his co-worker is Edward Morris; where — his wallet was taken. Where is Edward Morris? Why is he not here? Why can he not confirm or elaborate on what Mr. McCarty said? He is an eyewitness; he is right there."

[2] The prosecutor argued: "There was some claim as to what witnesses were not here; well, Commonwealth would ask you: what witnesses were here? And witnesses are available to everybody to bring for you to hear and listen to. So you can believe some of what they say, all of what they say or none of what they say. You do not even have to believe them."

[3] "Now, we have heard comment about absent witnesses; we have heard names of people who have not been here. If a witness who could have given material testimony on an issue in this case was peculiarly within the power of one party to produce, and that one party did not call the witness, and the absence has not been sufficiently accounted for or explained, then you may, if you deem it appropriate, infer — what was the inference? Permissible deduction — you may infer that the testimony of the witness would have been unfavorable to the party which failed to call him.

"However, unless it appeared that the witness was within the power of the party to produce, you should place no significance on the witness's failure to appear.

"Where a witness is equally available to either party, and the Defendant fails to call the witness, an inference — a permissible deduction — may be drawn that the testimony of the witness would have been unfavorable to the Defendant where the evidence against him is so strong that, if innocent, he would be expected to call the missing witness."

him is so strong that, if innocent, he would be expected to call the missing witness." The defendant argues that there was no evidence that these absent witnesses were available to him, or that they had any material testimony to offer, and therefore the judge erred in giving an instruction which singled out the defendant and allowed the jury to draw an inference adverse to him for failing to produce the other store employees. We agree that this quoted portion of the judge's instruction was not an accurate statement of the law and that, under the circumstances, it was error to permit the jury to draw an inference adverse to the defendant.

We have said that "[w]hether an inference can be drawn from the failure to call witnesses necessarily depends . . . upon the posture of the particular case and the state of the evidence." *Commonwealth* v. *O'Rourke,* 311 Mass. 213, 222 (1942). See generally P.J. Liacos, Massachusetts Evidence 283-284 (5th ed. 1981). Many of our decisions have indicated that, where a witness is equally available to parties on both sides of a dispute, no inference should be drawn against either side for failing to call the witness. See, e.g., *Berry* v. *Stone,* 345 Mass. 752, 756 (1963). However, there is no hard and fast rule to that effect, *Commonwealth* v. *O'Rourke, supra* at 222, and cases cited, and it is well settled that, "where incriminating evidence has been introduced by the Commonwealth and explanations consistent with his innocence could be produced by the defendant through witnesses . . . more likely to be known to him than to the representatives of the government," his failure to call such witnesses is fair matter for comment. *Grady* v. *Collins Transp. Co.,* 341 Mass. 502, 505 (1960), quoting *Commonwealth* v. *Domanski,* 332 Mass. 66, 70-71 (1954).

In *Commonwealth* v. *Franklin,* 366 Mass. 284 (1974), we reviewed several of our decisions and identified some of the "most important factors which the judge should consider in deciding whether comment is to be allowed." *Id.* at 293. We noted that "the judge's discretion in allowing the inference should be applied cautiously and with a strict regard for the rights of persons accused." *Id.* at 294. Moreover, we stated that "[t]he jury should ordinarily be instructed not to draw

inferences from the neglect of a defendant to call witnesses, unless it appears to be within his power to call others than himself." *Id.* at 293, quoting *Commonwealth* v. *Finnerty,* 148 Mass. 162, 167 (1889).

There was nothing during the course of this trial to suggest that the defendant had witnesses available or within his control, see *Commonwealth* v. *Franklin, supra* at 293, who were not brought forward to testify. Compare *Commonwealth* v. *De-Caro,* 359 Mass. 388, 392 (1971) (prosecutor's comment proper where witness was indisputably available to defendant). In fact, it is more likely that the Commonwealth had the ability to produce McCarty's coworkers since both men were at one time employees of the liquor store.

We note that the defendant did not object to this erroneous instruction. In such circumstances, we may still find reversible error. However, we will do so only upon a showing of a substantial risk of a miscarriage of justice. *Commonwealth* v. *Daigle,* 379 Mass. 541, 549 (1980). We conclude that such a risk exists in this case. The identity of the defendant was the crucial issue at trial, and the instruction on absent witnesses may have materially influenced the jury's appraisal of the identification testimony.

The judgments of the Superior Court are reversed, the verdicts set aside and the case is remanded for a new trial.

*So ordered.*