The defendant, Andrew E. Pearson, appeals from his conviction of operating a motor vehicle while under the influence of alcohol. He argues that there was insufficient evidence to find him guilty, that the prosecutor's closing argument was improper, and that the judge erred in denying his request for a missing witness instruction. We affirm.
1. Sufficiency. The defendant claims that the evidence presented at trial did not warrant a finding that he was impaired by alcohol, and was thus insufficient to find him guilty. Though the defendant did not move for a required finding of not guilty, "findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice ... [and a]ccordingly, we review the sufficiency of evidence issues." Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986). We consider " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis in original)." Commonwealth v. Latimore, 378 Mass. 671, 677, (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).
The Commonwealth need not produce direct evidence that a defendant was impaired by the use of alcohol when driving a vehicle. See Commonwealth v. Hilton, 398 Mass. 63, 66-67 (1986). Here, there was ample circumstantial evidence to support the jury's finding that the defendant was impaired. The defendant had a strong odor of alcohol on his breath at the time of his arrest and had admitted to having "a couple" of drinks. While the defendant was attempting to perform the second of two field sobriety tests, the officer stopped the test "[f]or [the defendant's] safety." Further, about two feet of the defendant's parked car was in the travel lane of a road where it was uncommon for cars to be parked. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 68 ("manner in which the automobile was parked ... was evidence that it may have been driven by a driver under the influence of alcohol"). Finally, the defendant's statement, made after he was advised of his Miranda rights, that "there was nothing that he could do, that he had been caught," permitted an inference of the defendant's consciousness of guilt. While not conclusive, that statement was sufficient in combination with the other evidence in the case to permit a rational trier of fact to find that the defendant was impaired. See Commonwealth v. Geisler, 14 Mass. App. Ct. 268, 273-274 (1982).
2. Prosecutor's closing argument. The defendant claims that the prosecutor in his closing argument misstated the evidence and included facts not in evidence. We evaluate statements made during closing argument "in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Whitman, 453 Mass. 331, 343 (2009). Where, as here, a defendant objects to statements in the Commonwealth's closing argument, we review for any prejudicial error. See Commonwealth v. Rosario, 430 Mass. 505, 515 (1999). We discern no error.
The defendant first argues that the prosecutor discussed facts not in evidence when he stated to the jury that "what [the sole testifying officer] was trying to tell you was that he was concerned that the defendant might slip or fall in trying that test again" and that "the defendant did poorly on that [test]." According to the officer's testimony, during the test in question, a one-legged stand, the defendant was unable to keep his hands by his sides as directed or his second foot at the proper height, despite being reminded "several times" of the parameters of the test. The officer terminated the test "[f]or [the defendant's] safety." Given this testimony, it was reasonable for the prosecutor to argue that the defendant had performed poorly on the test, and that the officer terminated the test based on his concern that the defendant might have slipped or fallen if it were continued. Indeed, it would be difficult to construe the officer's statement another way. "Counsel may ... zealously argue in favor of ... inferences favorable to his ... case [and those] inferences ... need not be necessary, or inescapable; they only need be reasonable and possible" (citation omitted). Commonwealth v. Rakes, 478 Mass. 22, 45 (2017).
The defendant next argues that the prosecutor misstated the evidence in arguing that the location in which the defendant chose to park his car was "an example of poor judgment," and that the defendant had other options for where to park the car. To the contrary, the Commonwealth had presented evidence that the defendant's car was parked in a fog lane, but that it extended approximately two feet into the travel lane. The officer testified that parking in this location was uncommon and so concerning that when he observed it, he turned his police cruiser around to perform a "wellbeing" check on the occupants of the car. The officer indicated that there was a side street the defendant could have pulled onto and a grass yard next to where the defendant had parked. The prosecutor's statements were accordingly supported by the evidence and constituted proper argument. There was no error.
3. Missing witness instruction. The defendant claims that the judge erred in not giving a missing witness instruction at the defendant's request, based on the Commonwealth's failure to call the defendant's passenger to testify. "A missing witness instruction is appropriate when a party 'has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case,' and the party, without explanation, fails to call the person as a witness." Commonwealth v. Saletino, 449 Mass. 657, 667 (2007), quoting Commonwealth v. Anderson, 411 Mass. 279, 280 n.1 (1991).
The judge properly refused the defendant's request. Generally, "where a witness is equally available to both sides of a dispute, no inference should be drawn against either side for failing to call the witness." Commonwealth v. Figueroa, 413 Mass. 193, 199 (1992), quoting Commonwealth v. Cobb, 397 Mass. 105, 108 (1986). "The instruction should be provided 'only in clear cases, and with caution.' " Commonwealth v. Williams, 475 Mass. 705, 721 (2016), quoting Saletino, supra at 668. Here, the defendant had indicated to the officer that his passenger was a friend of his. The defendant has provided no support for the proposition that this individual was not equally available to both parties. Accordingly, there was no error.
Judgment affirmed.