NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-674

COMMONWEALTH

vs.

ADRIAN THOMAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial in the Superior Court, a jury found the defendant, Adrian Thomas, guilty of willful interference with a criminal investigation, in violation of G. L. c. 268, § 13B, and perjury alleging motor vehicle theft, in violation of G. L. c. 268, § 39. On appeal, he argues that his convictions should be reversed because the prosecutor made improper statements in his opening statement and closing argument, and because the judge erred in allowing certain testimony from law enforcement officials, refusing to give an absent witness instruction, and denying his motions for required findings of not guilty. We affirm.

Background.  The jury could have found the following facts. At approximately 5:55 P.M. on April 9, 2021, a crime occurred involving a white Lexus sedan without license plates.  By 6:20 P.M. Springfield police officers stopped the vehicle and arrested its driver, Jose Estrada.  After Estrada was taken to the booking desk at the police station, he called the defendant around 8:15 P.M. and told him that he had just "got bagged."

At 6:54 P.M. that same day, the defendant called the police to report that his Lexus had been stolen.  During that call, he stated that he had parked the car on the street.  Two officers, Adam Madera and Dwayne Lewis, went to the defendant's home, and the defendant completed a stolen vehicle report.  He signed the report, under the penalty of perjury, at 7:54 P.M.  The defendant also told the officers that he had left the Lexus running in his driveway, with the keys in the car, while he went inside his house to use the bathroom, take a shower, eat, and smoke.  The police subsequently confirmed through registry of motor vehicle records that the Lexus driven by Estrada was registered to the defendant.

Assigned to investigate both the crime involving the Lexus and the defendant's stolen vehicle report, Detective Jose Canini listened to five recorded telephone conversations between Estrada and the defendant while Estrada was in jail.  Estrada and the defendant maintained a friendly tone throughout all the

2

calls, and at one point they each told the other, "I love your ass, bro."  During the calls, the defendant never asked Estrada why he had taken his car.

On April 19, 2021, Detective Daniel Leon-Resto interviewed the defendant about the reported theft of his Lexus.  The defendant told Leon-Resto that Estrada took the car without his permission.

Discussion.  1.  The prosecutor's opening statement.  The defendant challenges the prosecutor's opening statement on a variety of grounds, arguing that it was argumentative, improperly appealed to the jury's emotions, expressed the prosecutor's personal views regarding the defendant's guilt and state of mind, addressed "facts not in evidence," improperly vouched for police witnesses, and misstated the law.  Because the defendant did not object to the opening statement on those grounds,[1] our review is limited to whether there was any error and, if so, whether it caused a substantial risk of a miscarriage of justice.  See Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002).

---

[1] After the opening statement, the defendant moved for a required finding of not guilty based on the prosecutor's failure to discuss the elements of each charged offense, and for a mistrial based on the prosecutor's reference to certain recorded phone calls.  The judge denied both motions.

We discern no such error.  "The proper function of an opening is to outline in a general way the nature of the case which the counsel expects to be able to prove or support by evidence."  Commonwealth v. Sylvia, 456 Mass. 182, 188 (2010), quoting Commonwealth v. Croken, 432 Mass. 266, 268 (2000).  The prosecutor's opening statement did that appropriately here.  After identifying the charges against the defendant, the prosecutor described how the defendant reported his car being stolen, how his story changed over time, and how he failed to ask Estrada why he took the car.

Nor did the prosecutor err by stating that the defendant and Estrada were "best friends."  "A prosecutor's opening statement may reference anything that he or she reasonably believes in good faith will be proved by evidence introduced during the course of the trial."  Commonwealth v. Kapaia, 490 Mass. 787, 800 (2022), quoting Commonwealth v. Copeland, 481 Mass. 255, 261 n.5 (2019).  "Absent a showing of bad faith or prejudice . . . the fact that certain evidence fails to materialize is not a ground for reversal" (citation omitted).  Kapaia, supra, quoting Sylvia, 456 Mass. at 188.  Here, the prosecutor had a good-faith belief that the recorded conversations would show that the defendant and Estrada had a close friendship, and saying so was not argumentative or an appeal to emotion or sympathy.

4

2. The prosecutor's closing argument. The defendant also challenges the prosecutor's closing argument, arguing that he improperly appealed to the jury's sympathy and emotions, cited facts not in evidence, vouched for police witnesses, improperly opined on the defendant's guilt and state of mind, and misstated the law.[2] Again, we are not persuaded. "We consider remarks made during closing 'in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury.'" Commonwealth v. Andre, 484 Mass. 403, 417-418 (2020), quoting Commonwealth v. Felder, 455 Mass. 359, 368 (2009). While the Commonwealth is allowed "to argue 'forcefully for the defendant's conviction,' closing arguments must be limited to facts in evidence and the fair inferences that may be drawn from those facts." Commonwealth v. Rutherford, 476 Mass. 639, 643 (2017), quoting Commonwealth v. Wilson, 427 Mass. 336, 350 (1998). The prosecutor's argument here "did not cross the line

_____

[2] At trial, the defendant objected to the prosecutor's closing argument only on the grounds that it exceeded the time limit set by the judge, confused the jury, called for speculation, shifted the burden to the defendant, and stated facts not in evidence. He did not propose a curative instruction. The Commonwealth argues that because the defendant did not object to the closing argument on certain grounds raised in his appeal, our review on those issues is limited to determining whether any error created a substantial risk of a miscarriage of justice. See Commonwealth v. Sanders, 101 Mass. App. Ct. 503, 511 (2022). Because we conclude there was no error, we need not decide which standard of review applies to each claim raised by the defendant.

5

between fair and improper argument." Commonwealth v. Lyons, 426 Mass. 466, 472 (1998). In particular, his remarks regarding the defendant's friendship with Estrada, the defendant's inconsistent and implausible statements to the police, and his motivation for reporting misleading information were all based on facts in evidence or reasonable inferences drawn therefrom. Rather than appeal to emotion, the prosecutor encouraged the jury to use their common sense and life experience in assessing the evidence.

3. Admission of witness testimony. The defendant argues that the judge erred in allowing certain testimony from law enforcement officials Madera, Detective Joseph Levesque, Leon-Resto, Canini, and Sergeant William Kennedy. On appeal, "[w]e review a judge's evidentiary rulings for an abuse of discretion." Andre, 484 Mass. at 414. "We will conclude that there has been an abuse of discretion only if the judge has 'made "a clear error of judgment in weighing" the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives.'" Commonwealth v. Hammond, 477 Mass. 499, 505 (2017), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

There was no abuse of discretion here. The defendant claims that Madera and Canini gave improper expert testimony by stating that the defendant did not ask Estrada where his car was

6

in their recorded phone conversations.  Contrary to the defendant's argument, Madera and Canini did not have to be "voice experts" to testify that they recognized the defendant's voice on the recordings.  See Commonwealth v. Mezzanotti, 26 Mass. App. Ct. 522, 527 (1988).  Further, although the defendant argues that Madera "could not testify to all the calls" that were recorded, the judge expressly limited the prosecutor's question to "as far as what" Madera "was able to hear" from the recorded calls.  Canini, by contrast, testified that he listened to all of the recorded conversations, and even though not all of those conversations were played to the jury, the defendant does not cite any authority that prohibits a witness with firsthand knowledge from testifying that the participants to a series of conversations did not discuss a particular issue.

There is no support in the record for the defendant's contention that Levesque "offered extensive testimony about Estrada's crimes" which "linked the criminality of Estrada to [the] defendant."  At a pretrial conference, the prosecutor stated that Estrada had pleaded guilty to driving the Lexus while unknown individuals committed a drive-by shooting.  The judge ruled that although this crime could be "referenced in general" at the defendant's trial, "no references to the shooting" would be allowed.  The parties complied with the judge's ruling.  Furthermore, during Levesque's testimony the

7

judge instructed the jury that even though there would be "some discussion about a crime that might have involved" the defendant's car, he was "not charged with that crime" and the jury could not "consider that crime in any way against" him. The judge repeated this admonition in her final jury charge.

We also reject the defendant's argument that the testimony of Leon-Resto amounted to "a generalization of [the] defendant's guilt," where the judge sustained objections to certain of the prosecutor's questions regarding how the defendant knew Estrada. The objected-to questions were open-ended, and after the judge sustained the objections, Leon-Resto acknowledged his limited knowledge on this issue. Finally, where the defendant does not identify any error that occurred during Kennedy's testimony regarding the jail's system for recording inmate telephone calls, any challenge to his testimony is unavailing. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).

4. Failure to give a missing witness instruction. The defendant contends that the judge erred in refusing to give an absent witness instruction regarding Estrada. We review a judge's decision not to give a missing witness instruction under the abuse of discretion standard. See Commonwealth v. Williams, 450 Mass. 894, 901 (2008).

"The decision whether to provide a missing witness instruction to the jury is within the discretion of the trial

8

judge, and will not be reversed unless the decision was manifestly unreasonable." Commonwealth v. Saletino, 449 Mass. 657, 667 (2007). A missing witness instruction is appropriate when a party "has knowledge of a person who can be located and brought forward, who is friendly to, or at least not hostilely disposed toward, the party, and who can be expected to give testimony of distinct importance to the case," and the party, without explanation, fails to call the person as a witness. Commonwealth v. Anderson, 411 Mass. 279, 280 n.1 (1991), quoting Commonwealth v. Schatvet, 23 Mass. App. Ct. 130, 134 (1986). The proponent of a missing witness instruction bears the burden of establishing, on the record, a sufficient foundation for the instruction. See Commonwealth v. Barrett, 97 Mass. App. Ct. 437, 445 (2020).

The judge did not abuse her discretion in denying the defendant's request for an instruction here. See Saletino, 449 Mass. at 667-668. The prosecutor gave plausible reasons for not calling Estrada as a witness, explaining that Estrada and the defendant were "very, very good friends"; it would have been difficult for Estrada to testify without mentioning his involvement in the shooting (which the judge had excluded from evidence); and the prosecutor did not expect "somebody who [he] had prosecuted to come in here and testify favorably for the Commonwealth." We agree that, under the circumstances, it is

9

unlikely that Estrada would have been "friendly to, or at least not hostilely disposed toward," the Commonwealth. Anderson, 411 Mass. at 280 n.1. See id. at 283 (Commonwealth's failure to call inmate to testify concerning altercation at prison permissible where "[l]ogic would dictate that, because of his status [as an incarcerated person], and the Commonwealth's role in prosecuting him, [the witness] would be naturally antagonistic toward the Commonwealth's interests"). Furthermore, as the prosecutor pointed out, the defendant had the same power to subpoena Estrada as a witness, but declined to do so. See Williams, 450 Mass. at 900. "[W]here a witness is equally available to both sides of a dispute, no inference should be drawn against either side for failing to call the witness." Commonwealth v. Figueroa, 413 Mass. 193, 199 (1992), quoting Commonwealth v. Cobb, 397 Mass. 105, 108 (1986).

5. Motion for a required finding of not guilty. The defendant also appears to challenge the judge's denial of his motions for a required finding of not guilty.[3] "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the Commonwealth, and determine whether a rational

---

[3] To the extent that the defendant instead challenges the nature of the prosecutor's argument in opposition to his motion, that is not a cognizable claim for relief on appeal.

10

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting Commonwealth v. Oberle, 476 Mass. 539, 547 (2017). The relevant question is whether the evidence would permit the trier of fact to find guilt, "not whether the evidence requires such a finding." Commonwealth v. Brown, 401 Mass. 745, 747 (1988).

There was sufficient evidence to allow the jury to find the defendant guilty of perjury alleging motor vehicle theft. General Laws c. 268, § 39, makes it unlawful to knowingly make "a false written statement on a form bearing notice that false statements made therein are punishable under the penalty of perjury, to a police officer, police department or the registry of motor vehicles alleging the theft or conversion of a motor vehicle." Here, the defendant signed the stolen vehicle report under oath on April 9, 2021. The report stated that "the following described Motor Vehicle was stolen in the City/Town of Springfield," and that "[f]alse statements made on this form are punishable under the penalty of perjury." See Commonwealth v. Kelly, 69 Mass. App. Ct. 751, 753-754 (2007) (defendant's "signature on the stolen motor vehicle report constitutes the 'written statement' element of the statute"). The jury could have also found that the defendant knew that the report was false when he signed it. His accounts of where and how he left

11

his Lexus were "equivocal and conflicting."  See Commonwealth v. Platt, 440 Mass. 396, 402-403 (2003).  While he did not mention Estrada at the time he signed the report, he claimed to Leon-Resto ten days later that Estrada took the Lexus without his permission.  After Estrada was arrested for the crime involving the Lexus, the defendant had several recorded conversations with Estrada but never asked why Estrada took his car.  These facts support the inference that the defendant knew his car had not been stolen and made a false stolen vehicle report in order to distance himself from the crime Estrada committed.

There was also sufficient evidence to allow the jury to find the defendant guilty of willful interference with a criminal investigation.  As relevant here, G. L. c. 268, § 13B, makes it criminal to willfully mislead an investigator or an attorney directly or indirectly with the intent to interfere, impede, or obstruct a criminal investigation or criminal proceeding of any type.  See Commonwealth v. Mendez, 104 Mass. App. Ct. 341, 346-347 (2024); Commonwealth v. Fortuna, 80 Mass. App. Ct. 45, 51 (2011).  Viewing the evidence in the light most favorable to the Commonwealth, the jury could have reasonably found that the defendant misled the police when he falsely reported that his Lexus had been stolen, and that his lie impeded or interfered with one or more criminal investigations. See Mendez, supra at 347, quoting Commonwealth v. Occhiuto, 88

12

Mass. App. Ct. 489, 503 (2015) (G. L. c. 268, § 13B, prohibits conduct that impedes or interferes with "any investigation or proceeding that may result in criminal-type sanctions," and "the investigation need not have been commenced at the time of the defendant's statements, nor need it be pending").  Although the police had stopped Estrada by the time the defendant signed his report, they had not yet confirmed that the Lexus Estrada drove was registered to the defendant.  The defendant's false report could have reasonably impeded the police's investigation into the shooting by providing inconsistent information in how the Lexus came to be used in the crime, or by misleading investigators into the defendant's own role, if any, in that crime.[4]

Judgments affirmed.

By the Court (Neyman, Singh & Toone, JJ.[5]),

*Paul Little*

Clerk

Entered:  November 6, 2024.

---

[4] The defendant also argues that even if no one error, standing alone, is sufficient to warrant the reversal of his convictions, reversal is nonetheless warranted due to cumulative error and a pattern of prosecutorial misconduct.  Given our conclusions on the underlying alleged errors, there was no cumulative error.

[5] The panelists are listed in order of seniority.

13