## JAMES D. AVERY *vs.* JESSE M. WARD.

Franklin.     September 18, 1889. — November 26, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Slander — Subornation of Perjury — Fire Insurance — Statement of
Loss — Oath required by Law.*

An oath taken by an assured to the truth of a statement in writing, setting forth the particulars of a loss as required by his policy, is an oath "required by law," within the meaning of the Pub. Sts. c. 205, § 2, and if falsely taken will subject him to punishment for the crime of perjury.

In an action for slander in accusing the plaintiff of the crime of attempting to induce and incite P. B., who was insured against loss by fire, to commit the crime of perjury, the defamatory words were, "He tried to make or get P. B.

to swear" that certain property burned, which belonged to the plaintiff, was his and was covered by his policy. *Held,* that the words used were sufficient to impute that crime, and that such a crime could be committed by the use of words alone.

TORT for slander, in accusing the plaintiff of subornation of perjury. The declaration in various counts alleged, in substance, that Peter Borlin was insured against loss by fire, under a policy issued by an insurance company doing business in this Commonwealth, upon a barn as well as upon a portion of its contents owned by him; that the barn and such contents, as well as three valuable cows belonging to the plaintiff and in the barn at the time, were burned; that after the loss Borlin prepared and rendered to the company a statement in writing, which he signed and made oath to, setting forth the value of the property insured and his interest therein, with other facts required by the company in the policy, in order that he might recover from the company the damage he had sustained; and that the defendant publicly, falsely, and maliciously accused the plaintiff of the crime of attempting or endeavoring to incite and induce Borlin to commit the crime of perjury, by words spoken of the plaintiff substantially as follows: He [meaning the plaintiff] tried to make or get Peter Borlin to swear that the cows owned by the plaintiff which Borlin was keeping for him were his [Borlin's] cows, so that the plaintiff might get the pay for his cows from the insurance company through Borlin and by means of his [Borlin's] perjury.

At the trial in the Superior Court, before *Dewey,* J., it also appeared in evidence that the insurance policy referred to in the declaration was in the form known as the Massachusetts Standard Policy, prescribed by the Pub. Sts. c. 119, § 139; and that the defendant spoke the words of and concerning the plaintiff, substantially as alleged.

The defendant requested the judge to rule, that, upon all the evidence, the action could not be maintained, inasmuch as the oath to be made, in order to make a " statement on oath " as required on proof of loss by the insurance policy, was not an oath which, if falsely taken could subject the person so taking it to punishment for the crime of perjury. The judge declined so to rule, and ruled that, if there was a loss sustained by fire

under the policy by Borlin, and the provisions of the policy relating to the manner of proving the loss by a statement on oath had not been waived by and were required by the insurance company, such an oath as would be required for the proof of loss under the policy was an oath required by law, within the meaning of section 2 of chapter 205 of the Public Statutes, and, if falsely taken, would subject the person so taking such false oath to punishment for the crime of perjury.

The jury found for the plaintiff; and the defendant alleged exceptions.

*C. C. Conant & S. D. Conant*, for the defendant.

*S. T. Field*, for the plaintiff.

KNOWLTON, J. The principal question in this case is whether the oath taken by a policy holder to the truth of a statement in writing, setting forth the particulars of a loss under his policy of insurance against fire, is an oath "required by law," within the meaning of the Pub. Sts. c. 205, § 2. This section is as follows: "Whoever, being required by law to take an oath or affirmation, wilfully swears or affirms falsely in regard to any matter or thing respecting which such oath or affirmation is required, shall be deemed guilty of perjury."

The St. of 1887, c. 214, § 60, which follows closely the Pub. Sts. c. 119, § 139, prescribes the form of policy to be used by all fire insurance companies doing business in this Commonwealth, and requires a provision in the policy that in case of loss "a statement in writing, signed and sworn to by the insured, shall be forthwith rendered to the company, setting forth the value of the property insured," etc. In the absence of any modification of this provision by the parties, or waiver of it by the company, a policy holder whose property has been burned is "required by law" to make such a statement under oath before he can maintain a suit to recover for his loss. The policy referred to in the present case contained this provision, and, under the instructions of the judge, the jury must have found that there was no waiver of it.

What interpretation should be given to the words "required by law," in the statute first quoted, is a question by no means free from difficulty. It has been said that the provision "might seem from its very general language to embrace all cases where

an oath had been lawfully administered in the execution of official duty." *Jones* v. *Daniels*, 15 Gray, 438. But in the same case it is suggested that the language of the original statute from which it is derived (St. 1829, c. 56) seems to have had reference to oaths required by special provisions of statute. Both of these remarks were entirely outside of the question involved in the case then decided, and we are not aware that the statute has ever been before the court for construction. The fact that in so general a revision of our laws as that of 1835 the language was considerably changed, and the further fact that the law has been twice re-enacted in substantially the form in which it was put in that revision, make the original statute of less importance than might otherwise be attached to it. Rev. Sts. c. 128, § 2. Gen. Sts. c. 163, § 2. Pub. Sts. c. 205, § 2.

The oath referred to in the plaintiff's declaration was essential to the preservation of the legal rights of the assured. Although not taken " in any proceeding in a course of justice," so that if false it would have subjected the affiant to punishment for perjury at the common law, or under section 1 of chapter 205 of the Public Statutes, it was within the reason of the rule of the common law, for it was taken in a preliminary proceeding which lay at the foundation of proceedings in court, and which would be subject to review in those proceedings. It was required under a contract which embodied the requirement in conformity to an express provision of the law. We think the spirit and purpose of the statute will best be conserved by so construing it that the requirement in the present case shall be deemed to have been a requirement " by law," such that it would have subjected the assured to punishment for perjury if he had wilfully sworn falsely.

The words alleged to have been spoken of the plaintiff were sufficient to impute to him the crime of attempting to induce and incite Borlin to commit the crime of perjury. Such a crime could be committed by the use of words alone.

*Exceptions overruled.*