COMMONWEALTH *vs.* DWAYNE C. DAWSON.

Hampden. February 3, 1987. — March 16, 1987.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Controlled Substances. Evidence*, Admissions and confessions, Expert opinion, Identification of inanimate object, Opinion, Scientific test. *Perjury. Words*, "Proceeding in a course of justice."

A substance may be identified as a controlled drug as defined by G. L. c. 94C, § 31, through the testimony of experienced police officers or the users of the drug rather than through laboratory analysis or testimony by a qualified chemist, and, provided that a judge has first made a finding that any police or drug-user witness's experience with a drug would qualify him to give an opinion as to the identity of the particular substance, the knowledge and competence of that witness, and his lack of training in chemical analysis, would bear merely on the weight to be given to that testimony. [466-467]

A transcribed statement under oath given by an individual to a State police lieutenant, assigned to a district attorney's office, during the course of an ongoing prosecutorial investigation into alleged drug abuse by certain employees in a city's police department could not be characterized as given in "a proceeding in a course of justice" as required by G. L. c. 268, § 1, in order to charge perjury by the individual. [467-468]

INDICTMENTS found and returned in the Superior Court Department on November 22, 1985.

Questions of law were reported to the Appeals Court by *Raymond R. Cross*, J. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Stephen W. Silverman* for the defendant.

*Ariane D. Vuono*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. A judge of the Superior Court reported two questions to the Appeals Court, and we transferred the case here on our own motion. The defendant, a West Springfield police officer, has been indicted on various charges involving the possession of controlled substances and for perjury.

The parties have agreed to the facts underlying the two reported questions. In 1985, Captain Thomas Burke of the West Springfield police department discovered that cocaine seized in a case was missing. A subsequent inventory of the evidence control room at the West Springfield police station showed that approximately 80 grams of cocaine seized as evidence in another case was also missing. He conducted an investigation and various police department employees, including the defendant, gave statements to Burke and to a lieutenant in the State police. All but the defendant testified before a grand jury in November, 1985. One police officer testified that he had used cocaine, had shared cocaine with the defendant and others on numerous occasions, and had sold cocaine to the defendant. The police officer would testify that, because of his prior use of cocaine, he is able to identify cocaine by its appearance and through his physiological and psychological reaction to cocaine. Other police department employees, not all of whom are police officers, would testify similarly inculpating the defendant. The inference is clear, and the parties agree in their arguments, that the cocaine which was the subject of the defendant's possession has been consumed or otherwise disposed of. The Commonwealth intends to rely heavily on the anticipated testimony of police department employees that the substance the defendant allegedly had on various occasions was cocaine. The first reported question concerns the admissibility of such testimony to prove that in each instance the substance was cocaine.

In November, 1985, the defendant freely and voluntarily gave a transcribed statement under oath to a lieutenant in the State police, in the presence of Captain Burke, in which he denied ever using cocaine and further denied any knowledge of cocaine abuse by employees of the West Springfield police department. The second reported question concerns whether a perjury charge pursuant to G. L. c. 268, § 1 (1984 ed.), may be based on that testimony.

1. We answer in the affirmative the first question: "Whether a substance can be identified as a controlled drug as defined by G. L. c. 94C, § 31 through the testimony of experienced

police officers or the users of the drug rather than through laboratory analysis or testimony by a qualified chemist?"

The defendant argues that proof that a substance is a controlled substance can be made only through chemical analysis and expert certification (or testimony) pursuant to G. L. c. 111, §§ 12 and 13 (1984 ed.). We disagree. Proof that a substance is a particular drug need not be made by chemical analysis and may be made by circumstantial evidence. See *United States* v. *Harrell*, 737 F.2d 971, 978-979 (11th Cir. 1984), cert. denied, 470 U.S. 1027 (1985); *United States* v. *Scott*, 725 F.2d 43, 45-46 (4th Cir. 1984). The great weight of authority in this country permits, for example, an experienced user of a controlled substance to testify that a substance that he saw and used was a particular drug. See *United States* v. *Scott, supra; United States* v. *Nolan*, 718 F.2d 589, 593-594 (3d Cir. 1983); *United States* v. *Clark*, 613 F.2d 391, 406 (2d Cir. 1979), cert. denied, 449 U.S. 820 (1980); *Howard* v. *State*, 496 P.2d 657, 660-661 (Alaska 1972); *Pettit* v. *Indiana*, 258 Ind. 409, 410-411 (1972); *State* v. *Johnson*, 54 Wis. 2d 561, 565 (1972).

The trial judge will first have to make a finding that any police or drug-user witness's experience with a drug would or would not permit him to give an opinion as to what drug a particular substance was. If the judge finds the witness qualified, the knowledge and competence of that witness, and his lack of training in chemical analysis, will bear on the weight to be given to his testimony. We suspect it would be a rare case in which a witness's statement that a particular substance looked like a controlled substance would alone be sufficient to support a conviction.

2. We answer the second question in the negative: "Whether a defendant's sworn statement given during the course of an ongoing investigation to a Lieutenant of the State police assigned to the District Attorney's Office may be properly characterized as given in a proceeding in a course of justice as required by G. L. c. 268, § 1?"

The alleged perjury is that the defendant wilfully swore falsely under oath "in a proceeding in a course of justice"

(G. L. c. 268, § 1 [1984 ed.]). The Commonwealth argues that the defendant's sworn statement to an officer in the State police was made "in a proceeding in a course of justice." We think not. A prosecutorial investigation is not a "proceeding in a course of justice," and the taking of transcribed oral statements under oath in the course of that investigation does not make a difference. The words "proceeding in a course of justice" deal only with adjudicatory and not with investigative proceedings. See *Commonwealth* v. *Giles*, 350 Mass. 102, 108 (1966); *Jones* v. *Daniels*, 15 Gray 438, 439 (1860). Cf. *Avery* v. *Ward*, 150 Mass. 160, 163 (1889).

3. We answer the first question "Yes" and the second "No."