## COMMONWEALTH *VS.* CARLOS RIVERA.

No. 06-P-1292.

Suffolk. October 13, 2009. - December 30, 2009.

Present: RAPOZA, C.J., DUFFLY, & CYPHER, JJ.

*Controlled Substances. Constitutional Law,* Confrontation of witnesses, Harmless error. *Practice, Criminal,* Confrontation of witnesses, Harmless error. *Evidence,* Cross-examination, Certificate of drug analysis. *Error, Harmless.*

At the trial of indictments charging trafficking in cocaine and heroin, both within a school zone, the erroneous admission in evidence of certificates of a State police crime laboratory chemist's analysis of drugs to prove that the substances in question were cocaine and heroin and to prove their weight, in violation of the defendant's right under the Sixth Amendment to the United States Constitution to confront the witnesses against him, could not be said to have been harmless beyond a reasonable doubt, given the absence of other sufficient independent corroborating evidence demonstrating the nature and weight of the substances; further, the defendant's failure, at trial, to pursue a challenge to the certificates beyond objecting to their admission did not serve to forfeit his confrontation right. [69-72]

INDICTMENTS found and returned in the Superior Court Department on November 15, 2004.

The cases were tried before *Margot Botsford,* J.

*Richard B. Klibaner* for the defendant.

*Argie K. Shapiro,* Assistant Attorney General, for the Commonwealth.

CYPHER, J. We consider in this case, on remand from the United States Supreme Court, whether the admission of drug analysis certificates in violation of the confrontation clause of the Sixth Amendment to the United States Constitution was harmless beyond a reasonable doubt. We conclude it was not.

*Background.* The defendant, Carlos Rivera, was convicted on charges of trafficking in cocaine and heroin, both within a school zone, in September, 2005. We affirmed the judgments in

an unpublished decision. *Commonwealth* v. *Rivera*, 70 Mass. App. Ct. 1116 (2007).[1] The defendant's request for further appellate review was denied. 450 Mass. 1110 (2008). A petition for a writ of certiorari was granted by the United States Supreme Court and, on June 29, 2009, the Supreme Court ordered the judgments vacated and remanded the case for further consideration in the light of its decision in *Melendez-Diaz* v. *Massachusetts*, 129 S. Ct. 2527 (2009). *Rivera* v. *Massachusetts*, 129 S. Ct. 2857 (2009). In *Melendez-Diaz, supra* at 2542, the Supreme Court determined that it is error for the "prosecution to prove its case via *ex parte* out-of-court affidavits" (emphasis original).

The drug distribution charges against the defendant arose from an investigation by Revere and State police, aided by a confidential informant. In the course of an arranged buy, the police seized quantities of cocaine and heroin from a plastic bag jettisoned from an automobile they pursued in which the defendant was a passenger, and subsequently from an apartment and an automobile to which he was connected, discovering there additional cocaine, heroin, and drug paraphernalia.

The Commonwealth introduced eight drug analysis certificates over the defendant's objection.[2] In his direct appeal brief, the defendant argued that the Commonwealth violated his Sixth Amendment right of confrontation by introducing the certificates without the testimony of the chemist who certified the analyses and without providing him an opportunity to cross-examine the chemist, citing *Crawford* v. *Washington*, 541 U.S. 36, 59 (2004).[3] In our unpublished decision, we stated that *Commonwealth* v.

---

[1]The defendant was tried with a codefendant, Waldemar Diaz-Gonzalez. Diaz-Gonzalez has taken a separate course of appeal.

[2]The defendant objected to the introduction of the certificates pertaining to the cocaine and heroin seized in the apartment, but not to those substances and certificates introduced later which were seized in the plastic bag thrown from the car. We deem the original objection to the certificates a continuing objection.

[3]The certificates conformed to G. L. c. 111, § 13, and contained the chemist's certificate required by G. L. c. 22C, § 39. The results of analysis of the substances seized in the apartment are summarized as follows. Two were found to contain heroin, in the form of powder compressed as "bullets," weighing 67.36 and 37.67 grams. Another sample, in a knotted plastic bag, was found to contain heroin, in the form of powder and with a weight of 0.94 grams. Three were found to contain cocaine in powder form in plastic bags and weighed 97.50, 5.01, and 99.10 grams. The two certificates relating to the

*Verde*, 444 Mass. 279, 282-285 (2005), resolved the defendant's challenge adversely to him. *Commonwealth* v. *Rivera, supra.* In these circumstances, where the defendant preserved his challenge to the certificates, we must determine whether the constitutional error was harmless beyond a reasonable doubt.

*Discussion.* We review constitutional error under a harmless beyond a reasonable doubt standard, to determine "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Chapman* v. *California*, 386 U.S. 18, 23 (1967), quoting from *Fahy* v. *Connecticut*, 375 U.S. 85, 86-87 (1963). "The inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error" (emphasis original). *Sullivan* v. *Louisiana*, 508 U.S. 275, 279 (1993). "Where the defendant's constitutional right to cross-examine has been denied, the prosecution bears the burden of establishing that the error was harmless." *Commonwealth* v. *Vardinski*, 438 Mass. 444, 452 (2003), and cases cited. As we examine the record, it appears, for the reasons which follow, that the admission of the certificates of analysis to prove that the substances were cocaine and heroin and to prove their weight was not harmless beyond a reasonable doubt.

Relying on *Commonwealth* v. *Dawson*, 399 Mass. 465, 467 (1987), the Commonwealth asserts that "[p]roof that a substance is a particular drug need not be made by chemical analysis and may be made by circumstantial evidence," claiming that witnesses testified that the substances were cocaine and heroin. Such testimony as we have discovered was given by police officers who testified to methods of packaging, price ranges, and use of paraphernalia such as scales, dilutents, and a narcotics press. While, on proper findings, a "police or drug-user witness's experience with a drug would . . . permit him to give an opinion as to what drug a particular substance was," *ibid.*; here there were neither such findings nor opinions.[4] There were no field tests or

substances seized in the bag thrown from the car, stated the powder in zip lock plastic bags contained cocaine, weighing 297.58 grams, and powder in the form of pellets contained heroin, weighing 196.82 grams.

[4]The informant might have been qualified to testify, but could not because the controlled buy never took place when the codefendants saw the police at

other independent analysis of the substances. Contrast *Commonwealth* v. *Connolly*, 454 Mass. 808, 831 (2009) (police officers who conducted field tests for cocaine were available for cross-examination). In any event, "it would be a rare case in which a witness's statement that a particular substance looked like a controlled substance would alone be sufficient to support a conviction." *Commonwealth* v. *Dawson, supra.*[5] The Commonwealth also implies that the high sales price of the substances in this case is indicative that they were cocaine and heroin. However, given the availability of counterfeit drugs, see G. L. c. 94C, § 32G, selling prices would not be conclusive evidence of the nature of a substance.[6]

There is no merit in the Commonwealth's assertion that "evidence regarding the weight of the drugs was iron-clad," because the informant specifically ordered 300 grams of cocaine and 200 grams of heroin, and those quantities were found in the bag thrown from the car. Those weights, however, were established only by the certificates. The police did not independently weigh the substances, nor did they provide any information from which the jury might reasonably calculate the total weights of the substances. Contrast *Commonwealth* v. *Connolly, supra* at 831-832. The Commonwealth mistakenly relies on authority in support of lay opinion as to weight,[7] for the notion that the jurors could determine the weight and nature of the drugs by examining them. It is highly unlikely that a lay person unfamiliar with the metric system would be able to determine weights, particularly to the accuracy required in borderline cases. For example, in this

the arranged site and did not stop. Accordingly, the informant did not receive or see the cocaine and heroin.

[5]Given the widespread use of diluent or extender powders which apparently are indistinguishable from powdered cocaine or heroin, it seems unlikely that these drugs can be identified by visual inspection alone.

[6]For cases of prosecution for counterfeit drugs, see *Commonwealth* v. *LaVelle*, 33 Mass. App. Ct. 36, 36-37 (1992), *S.C.*, 414 Mass. 146 (1993); *Commonwealth* v. *Tofanelli*, 67 Mass. App. Ct. 61, 63 & n.2 (2006).

[7]See Brodin & Avery, Massachusetts Evidence § 7.2.2, at 398 (8th ed. 2007) ("Matters relating to distance, size, color, weight, time, and other similar phenomena are within the doctrine of [lay opinion]"); and *Edwards* v. *Worcester*, 172 Mass. 104, 105-106 (1898) ("distance, size, color, weight, identity, age, and many other similar matters" are not a mere opinion but a conclusion of fact and anyone can evaluate them because they require no special knowledge and are based on common knowledge, judgment, and observation).

case one item of heroin weighed, according to the certificates, 105.97 grams,[8] and one item of cocaine weighed 201.61 grams,[9] both very close to the statutory minima of 100 and 200 grams, respectively. See *Commonwealth* v. *DePina*, 75 Mass. App. Ct. 842, 852 (2009). For a discussion of multiple factors which may support a conclusion that the admission of drug analysis certificates is harmless beyond a reasonable doubt, see *Commonwealth* v. *Rodriguez*, 75 Mass. App. Ct. 235, 243-244 (2009).

In closing argument, the prosecutor stated that it would be easy for the jury to determine the weights of the substances in the bag thrown from the car because they could examine the certificates of analysis, and those certificates had been introduced in evidence through police testimony. The prosecutor did not argue that there was any independent or corroborating evidence of either the composition or the weights of the substances.[10]

Finally, the Commonwealth asserts that the error in admitting the certificates was not important to the outcome of the trial because the defendant did not challenge the composition or the weight of the cocaine and heroin, and premised his defense on the lack of visual evidence connecting him with the drugs, as well as questioning the credibility of the informant; a defense not calling into question the certificates.

In certain cases the failure to contest a particular element of a crime is "important to a determination whether a trial error resulted in a substantial risk of a miscarriage of justice." *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 5 (1986). The inquiry before us is whether the error was harmless beyond a reasonable doubt, not whether the error resulted in a substantial risk of a miscarriage of justice. Moreover, "[w]e recognize that a defendant cannot relieve the Commonwealth of its burden of proving every element of a

---

[8]See note 3, *supra*, first three certificates identified quantities of heroin weighing 67.36 grams, 37.67 grams, and .94 grams for a total of 105.97 grams.

[9]See note 3, *supra*, three certificates identified quantities of cocaine in the amounts of 97.50 grams, 5.01 grams, and 99.10 grams for a total of 201.61 grams.

[10]While the judge's instructions properly stated the certificates are only prima facie evidence and they were to be considered along with all the other evidence, in the absence of such other evidence, it appears that the jury could have relied only on the certificates. At minimum, there is certainly a reasonable possibility that the certificates contributed to the convictions.

crime beyond a reasonable doubt by failing to contest an essential element of that crime at trial." *Ibid.* The defendant cannot be faulted for not pursuing a challenge to the certificates beyond objecting to their admission. After his objections had been overruled, argument would have been futile, particularly because of the established law at that time in *Commonwealth* v. *Verde,* 444 Mass. at 282-285. See *Commonwealth* v. *Hollister,* 75 Mass. App. Ct. 729, 732 (2009), and *Commonwealth* v. *DePina,* 75 Mass. App. Ct. 842, 853-854 (2009). In arguing what appeared to him to be a reasonable defense, the defendant did not forfeit his confrontation right. Contrary to the Commonwealth's assertion, the certificates were of great significance in the case, and their introduction cannot be said to have been harmless beyond a reasonable doubt.

The judgments are reversed and the verdicts are set aside.

*So ordered.*