## COMMONWEALTH *vs.* CHRISTOPHER T. HANSON.

No. 10-P-201.

Plymouth. February 9, 2011. - April 8, 2011.

Present: BERRY, KATZMANN, & GRAINGER, JJ.

*Controlled Substances. Constitutional Law,* Double jeopardy. *Practice, Criminal,* Double jeopardy, Assistance of counsel, Motion to suppress.

At a criminal trial, the evidence, and the reasonable inferences therefrom, considered in their entirety, supported the jury's conclusions that the defendant possessed cocaine for distribution, distributed that substance, and did so within a school zone; therefore, where the defendant's convictions were reversed on appeal due to the erroneous introduction of certain pieces of evidence (i.e., certificates of drug analysis), the retrial of the complaint was not barred by principles of double jeopardy. [234-237]

There was no merit to a criminal defendant's contention that his trial counsel rendered ineffective assistance by failing to file a pretrial motion to suppress cocaine found by police in the exterior siding of a multifamily residence, where there was virtually no basis to conclude that the defendant had a reasonable expectation of privacy in that location and, thus, any motion to suppress would have been futile. [237-238]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on September 4, 2007.

The case was tried before *James F.X. Dinneen,* J.

*Joseph Maggiacomo, III,* for the defendant.

*Carolyn A. Burbine,* Assistant District Attorney, for the Commonwealth.

BERRY, J. Following a jury trial, the defendant was convicted of possession of "crack" cocaine with intent to distribute, distribution of crack cocaine, and an accompanying school zone violation. See G. L. c. 94C, §§ 32A, 32E, and 32J. The Commonwealth concedes that there was a constitutional confrontation clause error in the introduction, at trial, of certificates of drug analysis (drug certificates); that the error was not harmless beyond a reasonable doubt, see *Melendez-Diaz* v. *Massachusetts,*

129 S. Ct. 2527 (2009); *Commonwealth* v. *Vasquez*, 456 Mass. 350, 360 (2010); and that, accordingly, the convictions should be reversed. See *id.* at 368.

The defendant contends that there was insufficient evidence at trial to support the convictions and, therefore, any retrial should be barred by principles of double jeopardy. The defendant also claims in this direct appeal that his counsel was ineffective in not filing a suppression motion. The defendant poses other ineffective representation claims as well. We find no merit in the defendant's arguments.

1. *The evidentiary sufficiency and double jeopardy.* In reviewing evidentiary sufficiency, the *Latimore* standard governs, that is, "whether the evidence, in its light most favorable to the Commonwealth, . . . is sufficient . . . to permit the jury to infer the existence of the essential elements of the crime charged." *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-678 (1979). As applied to the defendant's double jeopardy challenge in this appeal, we review the evidence and the reasonable inferences therefrom to determine whether there was sufficient evidence for a jury to conclude that the defendant possessed cocaine for distribution, distributed that substance, and did so within a school zone. For the reasons that follow, we conclude there was sufficient evidence, and double jeopardy is not implicated.

If evidence, when considered in totality, is sufficient, even where a conviction is reversed on appeal because of the erroneous introduction of a certain piece or pieces of evidence, a retrial is not barred by principles of double jeopardy. "[T]he double jeopardy principle does not automatically bar retrial where an insufficiency of evidence appeared only when material held on appellate review to have been erroneously admitted was notionally removed from the case." *Commonwealth* v. *DiBenedetto*, 414 Mass. 37, 45 (1992) (quotations omitted). As the United States Supreme Court held in *Lockhart* v. *Nelson*, 488 U.S. 33 (1988), "a reversal based on such ordinary 'trial errors' as the 'incorrect receipt or rejection of evidence' . . . 'implies nothing with respect to the guilt or innocence of the defendant,' but is simply 'a determination that [he] has been convicted through a judicial *process* which is defective in some

fundamental respect.' " *Id.* at 40, quoting from *Burks* v. *United States*, 437 U.S. 1, 14-16 (1978). See *McDaniel* v. *Warden*, 130 S. Ct. 175 (2010). As the Court further observed in *Lockhart*, in making the determination as to the sufficiency of the evidence for double jeopardy analysis, an appellate court appropriately weighs the evidence in its entirety, inclusive of, not exclusive of, evidence introduced at trial that, on appeal, is held to have been improperly admitted. See *Lockhart* v. *Nelson*, 488 U.S. at 40-42. Massachusetts law is in accord. "[I]n determining the sufficiency of the evidence, we include evidence improperly admitted." *Commonwealth* v. *Bacigalupo*, 455 Mass. 485, 490 (2009), citing *Commonwealth* v. *DiBenedetto*, 414 Mass. at 45-46. *Commonwealth* v. *Farnsworth*, 76 Mass. App. Ct. 87, 98 (2010). *Commonwealth* v. *Belmer*, 78 Mass. App. Ct. 62, 68 n.3 (2010). Given that the improper admission of evidence is within the realm of trial error subject to correction, a retrial will not be precluded on double jeopardy grounds. "Permitting retrial in this instance is not the sort of governmental oppression at which the Double Jeopardy Clause is aimed." *Lockhart* v. *Nelson*, 488 U.S. at 42.

Applying these principles in this case, we conclude that, following this appeal, and the ensuing reversal of the convictions, a new trial will allow the government, if able to do so, to correct the evidentiary *Melendez-Diaz* error that existed in this trial. To be sure, in this case, the drug certificates were important pieces of evidence, which, although erroneously introduced, are nonetheless to be considered in weighing the sufficiency of the evidence. However, aside from the drug certificates, there was additional, independent evidence to be counted in the sufficiency analysis whether the defendant was engaged in the offenses of cocaine possession for distribution and actual distribution of cocaine, as well as such distribution within a school zone. In meeting the standards of *Latimore* for sufficiency of the evidence, the Commonwealth may rely on circumstantial evidence. *Commonwealth* v. *Degro*, 432 Mass. 319, 325 (2000). "Proof that a substance is a particular drug need not be made by chemical analysis and may be made by circumstantial evidence." *Commonwealth* v. *Dawson*, 399 Mass. 465, 467 (1987).

2. *Sufficiency of evidence.* We summarize pertinent facts from

the trial record to show that the evidence was, in fact, sufficient.[1] On September 1, 2007, Officer Giardini was engaged in surveillance of 102 Green Street, a three-floor, multifamily dwelling in Brockton. Within the span of forty-five minutes, the officer witnessed the defendant emerge from the house and engage in what clearly appeared to be three hand-to-hand drug transactions. Shortly after the third transaction, the defendant left the second-floor apartment holding a plastic bag which contained a large quantity of a white, rock-like substance, walked down the rear stairs to the southwest corner of the building, pulled back the house's vinyl siding, and shoved the bag behind it. But, according to Officer Giardini, a portion of the bag remained visible. The defendant then walked up the driveway towards Green Street. After the defendant departed, the police went to the siding and retrieved a bag containing forty-seven individually wrapped packets of a white, rock-like substance. After the discovery, the defendant was arrested.

The Commonwealth's evidence that the controlled substance was crack cocaine also included the expert testimony of Detective Keating, who had testified in over two hundred proceedings. Detective Keating had served in the narcotics unit since 1987, had substantial training in drug investigations, had made over 500 arrests for controlled substance violations (of which approximately forty to fifty percent involved crack cocaine), and had engaged in undercover drug purchases in Brockton (of which approximately forty percent involved crack cocaine). Detective Keating described the general modes of distribution of cocaine in Brockton, including the packaging and methods of sale, and the price for various amounts of crack cocaine. The officer also testified that it is the common practice of distributors to put the cocaine in the corner of a sandwich bag, cut the bag, and tie it off.[2] See generally *Commonwealth* v. *Dawson*, 399 Mass. at 466-467.

The testimony of Officer Giardini (the surveillance officer

---

[1] This trial evidence summary is also material to, and provides a backdrop for, the defendant's claim on direct appeal that there was ineffective assistance of counsel in not filing a motion to suppress. See part 3, *infra.*

[2] Additionally, Sergeant Stanton testified that, following the defendant's arrest, Stanton conducted a school zone measurement from 102 Green Street to the nearby Keith School. This measurement was 661 feet from structure to structure.

who witnessed the defendant's three transactions), the recovery of the white, rock-like substance stashed by the defendant within the building siding, Detective Keating's expert testimony regarding the manner and means of crack cocaine distribution — which included many acts that mirror the acts of the defendant — as well as the drug certificates, in our view, built sufficient evidence such that a retrial of the defendant is not barred by double jeopardy principles.

3. *Ineffective representation: the motion to suppress claim.* The defendant claims that counsel was ineffective for failing to file a pretrial motion to suppress the cocaine found under the siding at the corner of the multifamily residence. Usually it is the case that claims of ineffective assistance of counsel should be raised through a motion for a new trial. See *Commonwealth* v. *McCormick*, 48 Mass. App. Ct. 106, 107 (1999). In such a new trial motion proceeding, affidavits should be filed and a record developed, including, if needed, by an evidentiary hearing.

However, with respect to the defendant's contentions concerning the filing of a motion to suppress, this case is an exception to the general rule that ineffective assistance of counsel claims are to be presented by means of a new trial motion. The exception applies because the futility of filing a motion to suppress that would not have presented a likelihood of success is patent from the evidence adduced at trial. See *Commonwealth* v. *Zinser*, 446 Mass. 807, 811 (2006). Thus, the defendant's claim of ineffective assistance of counsel, based on the failure to file a motion to suppress, may be resolved on the extant trial record. This is so because there is virtually no basis to conclude that the defendant had a reasonable expectation of privacy in the exterior siding of the multiple unit building. Hence, any motion to suppress would have been futile. "Where the claimed omission in ineffective representation is the failure to file a suppression motion, posttrial analysis of whether there was a lost defense depends, in turn, upon post hoc analysis of whether a hypothetical suppression motion would have been allowed had one been filed." *Commonwealth* v. *Fletcher*, 52 Mass. App. Ct. 166, 168 (2001). "[I]n order to prevail on an ineffective assistance of counsel claim on the ground of failing to file a motion to suppress, the defendant has to demonstrate a likelihood that the motion to suppress would have been successful." *Commonwealth*

v. *Comita*, 441 Mass. 86, 91 (2004). "It is not ineffective assistance of counsel when trial counsel declines to file a motion with a minimal chance of success." *Commonwealth* v. *Conceicao*, 388 Mass. 255, 264 (1983).[3]

*Judgments reversed.*

*Verdicts set aside.*

---

[3]The defendant also claims that his trial counsel was ineffective in failing to summon two witnesses, and in failing to obtain his assent when the witnesses were not so summoned. Unlike the motion to suppress claim, these alleged acts of incompetent representation cannot be resolved in this direct appeal. The defendant's assertions in his direct appeal brief about what counsel did, and did not do, are speculative. See *Commonwealth* v. *Rice*, 441 Mass. 291, 304 (2004). See also *Commonwealth* v. *Knight*, 437 Mass. 487, 502 & n.17 (2002). Hence, we decline to reach these contentions concerning ineffective legal representation.