THOMPSON, Circuit Judge,
concurring.
This case aptly illustrates the limited nature of our habeas review even in the face of an admitted constitutional error. The myriad obstacles to habeas review, especially the barricades thrown up and reinforced by Supreme Court precedent, compel us to affirm Connolly’s conviction. Although I fully concur in the Court’s judgment, I write separately to flesh out why we are powerless to intervene.
Put simply, the Supreme Court has recently reiterated that although some federal judges find the scope of habeas review to be too limited, our authority to grant the writ is circumscribed by 28 U.S.C. § 2254, a statute we are bound to obey. White v. Woodall, — U.S. -, 134 S.Ct. 1697, 1701-02, 188 L.Ed.2d 698 (2014). We may only grant habeas relief where there has been a misapplication of “clearly established Federal law” of sufficient severity. Thaler v. Haynes, 559 U.S. 43, 47, 130 S.Ct. 1171, 175 L.Ed.2d 1003 (2010) (per curiam) (internal quotation marks omitted). Significantly, the relevant federal law must have been clearly established as of the time of the state court decision, meaning that subsequent developments are not relevant to habeas review. Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Furthermore, for us to find a state court unreasonably applied clearly established federal law, its application “must be ‘objectively unreasonable,’ not merely wrong; even ‘clear error’ will not suffice.” White, 134 S.Ct. at 1702, (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)).[15]
Everyone agrees a Melendez-Diaz error occurred at Connolly’s trial, which — as the majority opinion discusses — requires us to engage in a harmless error analysis. The SJC determined in Connolly’s direct appeal that the jury could find beyond a *516 reasonable doubt that the drugs weighed over 100 grams because the jury had the actual drugs with them as they deliberated. Thus, the SJC concluded the Melendez-Diaz error was harmless. See Commonwealth v. Connolly, 454 Mass. 808, 913 N.E.2d 356, 375-76 (2009).
This limits the scope of our habeas review to determining whether or not the SJC’s finding of harmless error constituted an unreasonable application of clearly established federal law. In other words, Connolly needs to demonstrate that it has been clearly established as a matter of federal law that a lay jury may not make a finding of drug weight based on the opportunity to observe and handle those drugs. This is where our review rushes headlong into the habeas wall.
Timing is everything, and unfortunately time was not on Connolly’s side. The Massachusetts appellate courts appear to have backed away from the SJC’s holding in Connolly. Subsequent cases have distinguished it and concluded a Melendez-Diaz error with respect to drug certificates was not harmless beyond a reasonable doubt. Just over a week after the SJC handed down Connolly, the Appeals Court found that the erroneous admission of drug certificates was not harmless where the alleged amount of drugs exceeded the statutory threshold of 100 grams by 42.5 games, and were spread across eight bags, one of which contained 106.5 grams of drugs. See Commonwealth v. Rodriguez, 75 Mass.App.Ct. 235, 913 N.E.2d 880, 887 (2009). The Appeals Court distinguished Connolly and reasoned that in the absence of the drug certificates, “determining the weights of the amounts at issue, particularly whether they were over or under 100 grams, would involve too much guesswork on too close a question in these circumstances.” Id. (citing Connolly, 913 N.E.2d at 376).[16] The Appeals Court has gone on to find non-harmless error in several opinions issued subsequent to Connolly and Rodriguez. See Commonwealth v. Rivera, 76 Mass.App.Ct. 67, 918 N.E.2d 871, 874-75 (2009) (admission of certificates not harmless error where multiple bags of heroin and cocaine were all within 100 grams of the statutory thresholds); Commonwealth v. DePina, 75 Mass.App.Ct. 842, 917 N.E.2d 781, 789-90 (2009) (finding nonharmless error where alleged amount of drugs exceeded statutory threshold of 14 grams by 0.24 grams and was contained in 8 separate bags).
The SJC itself distinguished Connolly in Commonwealth v. Montoya, 464 Mass. 566, 984 N.E.2d 793 (2013). Montoya contrasted the evidence in Connolly, “a ball of solid cocaine that looked like a baked potato [and] was bigger than a baseball,” with the drugs in that case, 39.74 grams (which exceeded the threshold by approximately 11.8 grams) “packaged in twenty individual bags.” Id. at 800-01 (internal quotation marks omitted). The SJC went on to find “[t]hat jurors had the opportunity to handle this evidence in the jury room, without instruments or any objects of known weight for comparison, does not render the admission of the drug certificates harmless beyond a reasonable doubt,” and cited the Appeal’s Courts decisions in Rodriguez, Rivera, and DePina with approval. Id. at 801.
Thus, in Montoya it appears that the SJC considered the fact that the drugs involved in that case were spread across multiple packages to be the key distinguishing feature between its decision there and its holding in Connolly. It is at least *517 debatable whether or not the SJC would come to the same result if presented with Connolly’s appeal today in light, especially in light of its approval of Rodriguez, where one of the bags of drugs weighed more than 100 grams.
Nevertheless, the subsequent development and potential uncertainty with respect to a matter of state law are simply irrelevant to our habeas review in this instance. Connolly has not directed this Court’s attention to any Supreme Court precedent clearly establishing that a lay jury may not — consistent with the federal constitution — make the drug weight determination on its own. My own research has failed to locate any Supreme Court precedents in this area either.[17] As the Supreme Court has reminded us, the absence of Supreme Court holdings inevitably means that there is no “clearly established federal law.” Thus, Connolly’s habeas petition is doomed. Under the strict habeas standard, it matters not whether the SJC might come to a different conclusion today or whether we would have arrived at a different result had this case reached us on direct appeal. In light of these restrictions, we have no choice but to dismiss Connolly’s habeas petition.

. These are but a few of the impediments to habeas relief. There is no need to delve into any of the others here.

. In citing to Connolly, the Appeals Court specifically noted that case involved a “large, hard ball" of cocaine. Id. These terms, however, are simply not probative of weight— think the identically-sized aluminum versus steel ball.

. We found admission of a drug certificate in violation of Melendez-Diaz was not harmless error in United States v. Ramos-Gonzalez, 664 F.3d 1, 7 (1st Cir.2011), a case which came to us on direct review. Our decision there provides no comfort to Connolly, however, as we must confine our inquiry to the Supreme Court’s holdings. See White, 134 S.Ct. at 1702 n. 2.