On September 9, 2011, the defendant pleaded guilty to sixteen indictments stemming from a series of drug transactions and a traffic stop, all of which occurred in 2009, including trafficking in cocaine; distribution of heroin, subsequent offense; possession of cocaine with intent to distribute, subsequent offense; possession of a class B substance; a school zone violation; conspiracy to distribute; and accessory to distribute heroin.[2] On October 15, 2012, the defendant filed a motion to withdraw his guilty pleas based on the misconduct of Annie Dookhan, who was employed as a chemist at the William A. Hinton State Laboratory Institute (Hinton lab). A special magistrate issued a proposed order that denied the motion on December 9, 2014. A Superior Court judge adopted the proposed order and denied the motion on July 11, 2016. The defendant appeals, alleging that Dookhan's involvement detracted from the factual basis of the plea and, as a result, he would have rejected the plea agreement had he known. We affirm.
A motion to withdraw a guilty plea is treated as a motion for a new trial under Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), and reviewed "to determine if the judge committed a significant error of law or other abuse of discretion." Commonwealth v. Williams, 89 Mass. App. Ct. 383, 388 (2016), quoting from Commonwealth v. Scott, 467 Mass. 336, 344 (2014). A defendant must enter a guilty plea "with an understanding of the nature of the charge and the consequences of the plea." Williams, supra. To determine whether these requirements have been satisfied in light of a challenge centered on Dookhan's misconduct, we begin "with a conclusive presumption that the misconduct was egregious and that its occurrence was attributable to the Commonwealth," ibid., quoting from Scott, supra at 352, and, second, consider whether the defendant showed that "the misconduct influenced his decision to plead guilty or, put another way, that it was material to that choice." Ibid., quoting from Scott, supra at 346.
With regard to the first prong, Dookhan was listed as the primary chemist on one drug certificate and the secondary, or confirmatory, chemist on nine. As such, the judge found that the defendant was entitled to this presumption with respect to the distribution and school zone charges, as well as the remaining charges on which Dookhan was the confirmatory chemist. With regard to the second prong, the defendant claims that both the special magistrate and Superior Court judge erred in finding that Dookhan's misconduct was not material to his plea agreement.
1. Factual basis of the plea. The defendant claims that evidence of Dookhan's misconduct would have detracted from the factual basis used to support his plea. We disagree. Even without admitting the drug certificates, the positive field tests for cocaine and heroin and the circumstantial evidence surrounding the defendant's arrest were sufficient to establish that the substances were cocaine and heroin.
First, the field tests could have been properly introduced at trial to support the defendant's conviction of the drug charges. See Commonwealth v. Dawson, 399 Mass. 465, 467 (1987) ("Proof that a substance is a particular drug need not be made by chemical analysis and may be made by circumstantial evidence"). To be admissible, field tests must be shown reliable in accordance with the "inherently fact-intensive and flexible Lanigan analysis.[3 ]" Commonwealth v. Fernandez, 458 Mass. 137, 149 (2010), quoting from Canavan's Case, 432 Mass. 304, 312 (2000). The Commonwealth could have made certain proffers, such as the training and experience of the conducting officer and the methodology of the testing, to support the judge finding the tests to be reliable.[4] See Commonwealth v. Marte, 84 Mass. App. Ct. 136, 141 (2013). Although not conclusive that the substances at issue were, in fact, illegal narcotics, a "presumptively positive field test, with proper foundation, may be of persuasive weight" to a fact finder. Id. at 141-142.
Second, circumstantial evidence of the defendant's conduct in this case supported the reliability of the field tests and the plea agreement as a whole. See id. at 142. The defendant and his codefendant, Evans Mahon, engaged in a series of transactions over a two-month period in 2009 with an undercover officer for the sale of substances, each of which tested positive in field tests for cocaine and heroin. During these transactions, the defendant used street terms for quantities of drugs, such as "forty," and "fifty," and was referred to by a "street name." The defendant arranged for the officer to meet Mahon in various locations, where Mahon handed the officer bags of white, rock-like substances, and paper packets containing brown substances that field tested positive for cocaine and heroin, respectively. The defendant himself handed the officer bags of white, rock-like substances, which also field tested positive for cocaine. Finally, the defendant was stopped while driving, and a search of the car turned up marijuana, cocaine, Vicodin pills, and Suboxone pills. In its totality, such circumstantial evidence is sufficient to support the factual basis of the plea agreement.
2. Plea agreement. The defendant next claims that he established that he would have rejected the plea agreement. We disagree. The reduction in the defendant's sentence provided an obvious incentive to make the plea agreement rather than risk the uncertainties of trial. The defendant faced a mandatory minimum of fourteen years for the charges, or forty-five if sentenced consecutively. Even if all of the charges related to Dookhan's misconduct were dismissed, the defendant would have nevertheless faced a mandatory minimum of ten years for the two conspiracy charges and one charge of possession with intent to distribute cocaine that was not tested at the Hinton lab. Instead, the defendant resolved all the charges, including the 2011 offense, with a single global plea that significantly reduced the sentence to "concurrent sentences of five years to five years and one day in State prison on nine of his sixteen counts, followed by two and one-half years in the house of correction for the five school zone charges, followed by nine years of supervised probation on the remaining two counts."[5]
The defendant next claims that his plea counsel believed a shorter sentence was possible if the conspiracy and accessory charges stood alone. This claim fails on two grounds. First, conspiracies to distribute can be proven separately from the underlying drug offense. See Commonwealth v. Cantres, 405 Mass. 238, 242-243 (1989). Second, as previously stated, because proof that the drugs were cocaine and heroin can be supplied by circumstantial evidence, it would have been irrational to refuse a plea agreement that reduced the sentences for both the conspiracy and accessory charges. This is especially true considering the 2011 charge would have remained in effect. Therefore, the defendant has not established that, as a reasonable probability, he would have rejected the plea.[6]
Order dated July 11, 2016, denying motion for new trial affirmed.

The defendant also resolved an unrelated charge from 2011 that is not at issue in this appeal.

See Commonwealth v. Lanigan, 419 Mass. 15, 26 (1994).

To support the defendant's argument that Dookhan's misconduct detracted from the factual basis of his plea agreement, he also argues that the police officers' testimony may have been subject to evidentiary challenges. We decline to conclude that the judge abused her discretion based on speculation. See Scott, 467 Mass. at 357.

In fact, the defendant testified that he "took the plea because of the fact that [he] was told [he] was going to get a substantial amount of time and [he] wasn't willing to go to trial."

The defendant also claims the special magistrate gave disproportionate weight to the defendant's statements during the plea colloquy. Because the defendant failed to point to evidence in the record to support this claim, we deem it waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).