The defendant appeals from an order revoking his probation and imposing sentence. He argues that the judge committed an abuse of discretion in revoking his probation where the Commonwealth failed to prove by a preponderance of the evidence that he committed either one of two crimes (distribution of cocaine and armed assault with intent to murder) that formed the principal bases of the revocation. We affirm.
In 2013, the defendant pleaded guilty to unarmed robbery, assault and battery, and assault. On the charges of assault and assault and battery, the defendant was sentenced to the house of correction. On the charge of unarmed robbery, the defendant was sentenced to three years of probation from and after the committed sentences on the other charges. Once on probation, the defendant was required to, among other things, obey all laws and attend school, providing proof of attendance every thirty days. In 2016, the probation department issued the defendant a notice of probation violation, and, after a hearing, the judge found the defendant in violation of his probation for failing to comply with the aforementioned conditions.[2] The judge revoked probation and imposed a committed prison sentence of three years on the unarmed robbery charge.
"A determination whether a violation of probation has occurred lies within the discretion of the hearing judge. The Commonwealth must prove a violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 519-20 (2014) (citation omitted). "A proposition is proved by a preponderance of the evidence 'if it is made to appear more likely or probable in the sense that actual belief in its truth, derived from the evidence, exists in the mind or minds of the tribunal notwithstanding any doubts that may still linger there.' " Commonwealth v. Hill, 52 Mass. App. Ct. 147, 154 (2001), quoting from Sargent v. Massachusetts Acc. Co., 307 Mass. 246, 250 (1940).
The defendant argues that the Commonwealth failed to prove that the substance he distributed was cocaine because Sergeant Detective Dwan could not have identified the substance merely by sight.[3] "Proof that a substance is a particular drug ... may be made by circumstantial evidence." Commonwealth v. Dawson, 399 Mass. 465, 467 (1987). As long as a judge finds a witness has sufficient experience that would "permit him to give an opinion as to what drug a particular substance was," such an opinion is admissible. Ibid. "[T]he judge's allowance of the testimony implies a prior determination by him that the witness's experience qualified him" to identify the substance. Commonwealth v. Cantres, 405 Mass. 238, 246 (1989).
Sergeant Detective Dwan, the commander of the Boston police department Area A-1 drug control unit, testified regarding his extensive narcotics training and experience. He also testified to having seen and handled substances that were later tested and found to be crack cocaine. In addition to his own visual identification of the substance, Sergeant Detective Dwan testified that the buyer had admitted to buying crack cocaine from the defendant. The detective also testified that the buyer's companion had a hot crack pipe, which he could have inferred meant it was used minutes before to smoke a portion of what the defendant had sold. Based on his experience and his knowledge, the detective concluded that the substance was likely crack cocaine. The evidence was sufficient to establish that the defendant distributed cocaine.
The defendant also argues that the Commonwealth failed to prove that he committed an armed assault with attempt to murder where the only evidence of the crime was unreliable hearsay. We disagree. Reliable hearsay "can be the basis of a revocation." Commonwealth v. Durling, 407 Mass. 108, 118 (1990). In assessing whether hearsay is reliable, a court can consider "(1) the level of factual detail, rather than generalized and conclusory assertions; (2) whether the statement is based on personal knowledge and direct observation; (3) whether the statement is corroborated by evidence submitted by the probationer; (4) whether the statement was provided under circumstances that support the veracity of the source; and (5) whether the statement was provided by a disinterested witness." Commonwealth v. Patton, 458 Mass. 119, 132-133 (2010), quoting from Commentary to Rule 6 of the District Court Rules for Probation Violation Proceedings 800 (LexisNexis 2008-2009).
The hearsay that the defendant alleges is unreliable is the recorded police interviews of five witnesses and grand jury testimony that the Commonwealth submitted in evidence. We discern no abuse of discretion in the judge's implicit finding that the hearsay was reliable. The factually detailed evidence, both in the interviews and in the grand jury testimony, is based on the witnesses' direct observations and personal knowledge. The circumstances surrounding the statements also lend support that the hearsay is reliable. See Commonwealth v. Maggio, 414 Mass. 193, 199 n.3 (1993) (copies of grand jury minutes or detailed police reports are potential sources of reliable, factually detailed hearsay). See also Commonwealth v. Nunez, 446 Mass. 54, 59 (2006) (that witness could be prosecuted for making false report to police officer "bolsters the reliability of the report[ ]" [citation omitted] ). Although one of the witnesses was testifying with the hope of help from the prosecution with his open charges, he still provided factually detailed personal observations to the police and the grand jury that were corroborated by other evidence. Hearsay need not "satisfy all the above criteria to be trustworthy and reliable." Patton, 458 Mass. at 133. Given the reliable hearsay, the judge was within his discretion to find the Commonwealth met its burden where multiple witnesses identified the defendant as the person who shot at the victim.
"If the judge determines that the defendant is in violation, ... [h]ow best to deal with the probationer is within the judge's discretion." Durling, 407 Mass. at 111. Where either one of the criminal offenses would have warranted revocation of probation, the judge was well within his discretion in revoking the defendant's probation upon the finding of multiple violations and imposing a committed sentence.
Order revoking probation and imposing sentence affirmed.

The defendant does not dispute that he failed to provide proof of school attendance.

The defendant does not challenge the sufficiency of proof for the other elements of the offense.