After a Superior Court jury trial, the defendant was convicted of distribution of heroin and two cocaine offenses.[2] On appeal the defendant argues only that the evidence was insufficient to sustain the heroin conviction, because the chemist who tested the substance did not testify and no certificate of analysis of the heroin was admitted in evidence.[3]
The issue arises because at trial, a chemist employed by the State Police crime laboratory (lab), Sarah Clark, testified that another chemist at the lab had tested the substance received in relation to the alleged heroin offense and created a certificate of analysis for that substance. Because that chemist was no longer employed at the lab at the time of trial, Clark explained that she reviewed that chemist's bench notes, testing data, and certificate of analysis, along with the peer review notes of the chemist's conclusions.
With respect to the specific testing of the substance, Clark explained that it was subjected to both an ultraviolet spectrophotometry test and a gas chromatography mass spectrometry test. She further explained that as part of this testing, the instruments produce graphs of the results. By examining such graphs and applying her training and experience, Clark testified that she could determine whether a particular substance is present. Over objection, Clark testified that in her opinion, the substance contained heroin.
On appeal, the defendant argues that because Clark did not personally conduct the tests or examine the substance, and did not produce a certificate of analysis, her opinion is insufficient to establish that the substance contained heroin. But "[o]ur law allows a [chemical analyst], who did not himself conduct the relevant tests, to testify to his own opinion based on the data generated by the nontestifying analyst." Commonwealth v. Grady, 474 Mass. 715, 723-724 (2016), citing Commonwealth v. Greineder, 464 Mass. 580, 603, cert. denied, 571 U.S. 865 (2013).[4] Clark's testimony was therefore sufficient. The identity of a substance need not be proven in any particular manner. See Commonwealth v. MacDonald, 459 Mass. 148, 153-154 (2011) ; Commonwealth v. Dawson, 399 Mass. 465, 467 (1987).
Judgments affirmed.

The cocaine offenses, distribution and distribution near a public park, occurred on March 1, 2014, and the heroin offense occurred on April 23, 2014. The defendant was acquitted of a cocaine offense allegedly occurring on March 14, 2014.

The defendant makes an identical argument with respect to the March 14 cocaine charge, but, because he was acquitted of that charge, we need not consider the argument. Additionally, because the defendant's notice of appeal encompassed the March 1 cocaine convictions but he makes no argument with respect to them, we affirm them without further discussion.

The defendant makes no argument that, because Clark also reviewed the nontestifying analyst's certificate of analysis, his Federal or State constitutional rights to confront witnesses were violated, or that the result here should be different from that in Grady and Greineder.